# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

MORRIS RUCKER, )
 )
    Plaintiff, )
 )
 )   No. 1:16-cv-00090
v. )   Senior Judge Haynes
 )
CHERRY LINDAMOOD, et al., )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, Morris Rucker, an inmate at the South Central Correctional Facility ("SCCF") filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Cherry Lindamood, f/n/u Frank, Jane Doe Nurses, "Centennial Med. Ctr Employees," Dr. Ron Wilson, and Corizon Medical Services. Plaintiff asserts claims for deliberate indifference to his serious medical needs, racial discrimination, and retaliation. Plaintiff requests "immediate health care," including "appropriate/effective medications" as well as an injunction from retaliation by SCCF officials. Plaintiff also seeks money damages.

According to his complaint, Plaintiff suffers from chronic obstructive pulmonary disease ("COPD"). (Docket Entry No. 1, Complaint, at 6). On May 5, 2016, Plaintiff alleges that he was placed in SCCF's clinic for observation and experienced difficulty breathing, shortness of breath, wheezing, and coughing. Id. at 7. Plaintiff alleges that he was given breathing treatment, but "did not have the right inhaler." Id. On May 29, 2016, Plaintiff alleges that he was again placed in the SCCF clinic for observation and experienced difficulty breathing, coughing, and wheezing. Id. at 8. Plaintiff alleges that Defendant Frank, a nurse practitioner, ordered SCCF Nurse Harville not to give Plaintiff a rescue inhaler, but he was provided breathing treatment. Id. On June 1, 2016, Plaintiff

alleges that Dr. Coble examined Plaintiff and prescribed a rescue inhaler for Plaintiff. Id.

On July 11, 2016, Plaintiff alleges that a pulmonary physician specialist at Meharry Hospital Clinical Services examined Plaintiff and recommended that Plaintiff "continue spirva advir ventolin inhalers and breathing treatment 3x's per day as needed." Id. at 6. Plaintiff alleges that the recommended treatment "worked favorably" until July 16, 2016, when Plaintiff's inhaler ran out. Id. Plaintiff alleges that he asked SCCF Nurse Keeon when his inhaler would be refilled, and she responded that "it could take up to 3 weeks because Corporate Office had to approve it." Id. at 6-7. Plaintiff alleges that he was forced to use a less effective breathing treatment while waiting for his inhaler prescription to be refilled. Id. at 7.

On July 17, 2016, Plaintiff alleges that he filed a "Title 6 Complaint" against SCCF Nurse McClain for being disrespectful and referring to Plaintiff as "boy." Id. at 7-8. Plaintiff alleges that this complaint and another complaint against Nurse McClain are missing as a retaliatory measure for Plaintiff's filing complaints. Id. at 8.

On July 22, 2016, Plaintiff alleges that all of his prescribed medications expired and that Defendant Frank told SCCF Nurse Robertson that Plaintiff's medications were intentionally not renewed. Id. at 7. According to his complaint, Plaintiff "took the statement to mean that [Defendant] Frank was discriminating against [him]." Id. Plaintiff alleges that Defendant Frank made "derogatory comments" about Plaintiff. Id.

On July 27, 2016, Plaintiff alleges that Defendant Frank "defied Dr. Coble's orders and refused to renew [his] blood pressure medications." Id. at 8. On July 28, 2016, Plaintiff alleges that Defendant Frank issued an order directing the other nurses not to give Plaintiff breathing treatment unless his oxygen "fell below 90." Id. at 7. Plaintiff alleges that Defendant Frank's "directive [was]

2

in direct contradiction to what the specialist recommended," because the specialist recommended that all nurses check Plaintiff's vital signs and listen to his lungs to determine if he were wheezing. Id. Plaintiff also alleges that Defendant Frank told other nurses that Plaintiff was faking shortness of breath and that Plaintiff was "using too must medication in his nebulizer." Id. Plaintiff alleges that Defendant Frank's actions were "negligent and discriminatory due to [Plaintiff's] race." Id.

On August 2, 2016, Plaintiff alleges that Defendant Frank refused to renew Plaintiff's "breathing med singler" and placed Plaintiff on medications that caused Plaintiff adverse gastrointestinal side-effects. Id. at 8.

Plaintiff alleges that he is "being denied access to the grievance procedure" and is therefore "forced [] to continue to [] seek medical service from inferior nurses who are abusive, incompetent and neglectful." Id.

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed in forma pauperis, and dismiss the complaint if the complaint is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To state a claim under 42 U.S.C. § 1983, Plaintiff "must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United

3

States (2) caused by a person acting under the color of state law." Burley v. Gagacki, 729 F.3d 610, 619 (6th Cir. 2013).

Plaintiff names Corizon Medical Services ("Corizon") as a Defendant in this action. Defendant Corizon, a private medical-care provider, may be subject to a § 1983 action as an entity that provides medical care to individuals in state custody. See West v. Atkins, 487 U.S. 42, 54 (1988) (holding that a private medical provider contracted to provide medical care to state prisoners is a state actor for purposes of § 1983). Yet, Defendant Corizon cannot be liable solely on the basis of respondeat superior. McQueen v. Beecher Cmty. Sch., 433 F.3d 460, 470 (6th Cir. 2006). To state a viable claim against Corizon, Plaintiff must allege plausible facts that he suffered an injury caused by an official policy or custom of Defendant Corizon. Thomas v. Coble, 55 F.App'x 748, 749 (6th Cir. 2003) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Here, Plaintiff alleges that as a result of an official Corizon policy or custom on approving certain medications, Plaintiff did not receive the treatment recommended by a physician. Thus, the Court concludes that Plaintiff states a plausible claim against Defendant Corizon.

As to Defendants Lindamood and Wilson, Plaintiff does not allege specific facts about any of these Defendants' conduct or omissions that is required to state a viable claim. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). Thus, Plaintiff's claims against Defendants Lindamood and Wilson should be dismissed.

As to Plaintiff's allegations of retaliation, Plaintiff alleges that he submitted two complaints against Nurse McClain that were later missing in retaliation for Plaintiff's filing his complaints. Prisoners have a First Amendment right to petition the state for redress of grievances, Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996) (citations omitted), but a conclusory allegation of

4

retaliation, standing alone, is insufficient to state a claim. LaFountain v. Harry, 716 F.3d 944, 949 (6th Cir. 2013) (citing Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008)). Given the absence of his grievances, the Court concludes that Plaintiff's retaliation claim states a claim for relief.

As to Plaintiff's allegations of racial discrimination, Plaintiff alleges that he filed a "Title 6 Complaint" against Nurse McClain for being disrespectful and referring to Plaintiff as "boy." Plaintiff also alleges that Defendant Frank withheld proper medical treatment from Plaintiff due to Plaintiff's race. Inmates have a right to be free from invidious discrimination based on race under the Equal Protection Clause of the Fourteenth Amendment. Brand v. Motley, 526 F.3d 921, 924 (6th Cir. 2008) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). To state a claim, Plaintiff must allege sufficient facts to show "that a state actor intentionally discriminated against [him] because of membership in a protected class." Id. (quoting Henry v. Metro. Sewer Dist., 922 F.2d 332, 341 (6th Cir. 1990)). Here, Plaintiff alleges that in connection with his requests for medical services Nurse McClain called Plaintiff "boy" that Plaintiff considered a racial insult. Plaintiff also alleges his complaints of racial discrimination against McClain are missing. Defendant Frank allegedly told Nurse Robertson that Plaintiff's medications were intentionally not renewed. Plaintiff states that he "took [that] statement to mean that [Defendant] Frank was discriminating against [him]." Yet, Plaintiff's subjective impression is not a factual allegation that Defendant Frank's actions or statements had a discriminatory purpose. Thus, the Court concludes that Plaintiff's claims for racial discrimination against Frank should be dismissed, but his racial discrimination claim against McClain should proceed.

Finally, Plaintiff asserts that the Defendants failed to address his serious medical needs.

5

Inmates have a right to adequate medical care under the Eighth Amendment. Estelle, 429 U.S. at 104. Deliberate indifference to a prisoner's serious medical needs "constitutes the 'unnecessary and wanton infliction of pain'" to violate the Eighth Amendment. Id. (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). A claim for failure to address a serious medical needs has objective and subjective requirements. McCarthy v. Place, 313 F.App'x 810, 813 (6th Cir. 2008) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). The objective component is a "serious medical need" that is a condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013) (quoting Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)). Here, Plaintiff's allegations about his COPD and respiratory problems are sufficient to satisfy the objective element.

As to the subjective component, deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. This standard requires proof that the defendant knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 834, 837. "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham ex rel. Estate of Graham v. County of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Yet, even where a defendant has

administered some medical treatment, deliberate indifference may be established where a plaintiff can show "grossly inadequate care" or prove that a defendant made a "decision to take an easier but less efficacious course of treatment." McCarthy, 313 F.App'x at 814 (citing Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843 (6th Cir. 2002)).

Here, Plaintiff's complaint reflects that the Defendants administered some medical treatment to Plaintiff for his COPD and related respiratory problems. Plaintiff alleges that Defendant Frank ordered an SCCF nurse to administer Plaintiff breathing treatment rather than a rescue inhaler prescribed by a doctor, and only to administer the treatment if Plaintiff's oxygen "fell below 90." Plaintiff also alleges that Defendant Frank refused to renew some of Plaintiff's medications and placed Plaintiff on other medications that caused Plaintiff adverse gastrointestinal side-effects. Although "federal courts are generally reluctant to second guess medical judgments" by prison medical officials, see Graham, 358 F.3d at 385, Plaintiff's allegations that Defendant Frank acted contrary to a doctor's prescribed treatment are sufficient to state a claim for deliberate indifference to Plaintiff's serious medical needs.

Accordingly, for these reasons, the Court concludes that Plaintiff's complaint states claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A.

An appropriate Order is filed herewith.

**ENTERED** this the 12th day of December, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge