UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MORRIS RUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>CHERRY LINDAMOOD et al.,<br><br>    Defendants. | Case No. 1:16-cv-00090<br><br>Chief Judge Crenshaw<br>Magistrate Judge Newbern |

To the Honorable Waverly D. Crenshaw, Chief District Judge

## REPORT AND RECOMMENDATION

Plaintiff Morris Rucker's "Reconsider Motion For A Temporary Restraining Order and/or Preliminary Injunction" (Doc. No. 71) and third motion for emergency injunctive relief and requesting immediate hearing (Doc. No. 123) are before the Magistrate Judge for a report and recommendation. For the reasons that follow, the undersigned RECOMMENDS that these motions be DENIED.

### I.    Background

On October 24, 2016, Rucker filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by medical staff at the South Central Correctional Facility (SCCF), including Defendants Cherry Lindamood, Nurse Franks, Jane Doe Nurses, "Centennial Med. Ctr. Employees," Dr. Ron Wilson, Nurse McClain, and Corizon Medical Services. (Doc. No. 1.) After an initial review of the complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), the Court dismissed all claims against Defendants Lindamood and Wilson and Rucker's race discrimination claim against Defendant Franks. (Doc. No. 3, 4.) Thereafter, Rucker

filed five motions to amend (Doc. Nos. 7, 18, 34, 38, 47), which were granted (Doc. No. 63), adding Nurse Chris May as a defendant and allowing Rucker to supplement his complaint with grievance documents.[1]

Rucker's claims allege that he has been denied adequate treatment for his chronic obstructive pulmonary disease (COPD) and asthma because he has been given medications that are less effective than medications that were recommended by a pulmonary specialist from whom he received treatment in 2014 and 2016 at Nashville General Hospital. (Doc. No. 1.) Additionally, he alleges that he is not given a breathing treatment unless his oxygen falls below a certain level, contrary to the recommendation of the pulmonary specialist, and that his denial of medical care is due, at least in part, to discrimination on the basis of his race. (*Id.*) Rucker previously filed two motions for emergency injunctive relief in which he alleged that he was being denied proper medical care and that the denial of proper care was ongoing. (Doc. Nos. 19, 35.) The Court denied both motions, finding that Rucker had not established a likelihood of success on the merits and had failed to establish that extraordinary relief was justified. (Doc. No. 66.) Rucker seeks reconsideration of the Court's order denying his previous two motions.

Rucker also has filed a third motion for emergency injunctive relief and has requested an immediate hearing on this motion. In that motion, Rucker claims that he is being retaliated against by Defendants who, he alleges, are denying him breathing treatments and medication in retaliation for the filing of this lawsuit. (Doc. No. 123.)

---

[1] Rucker recently filed a motion to amend and a proposed comprehensive amended complaint as directed by the Court in its May 7, 2018 order that will supplant all earlier pleadings. (Doc. Nos. 150, 156.)

## II. Legal Standard

A court's order denying a preliminary injunction is an "order from which an appeal lies" and is considered a judgment under Federal Rule of Civil Procedure 54(a). *See also* 28 U.S.C. § 1291(a). A motion to reconsider a court's order denying a preliminary injunction therefore falls under the provisions of Rule 59 for the amendment of judgments. Fed. R. Civ. P. 59. *Lichtenberg v. Besicorp Group, Inc.*, 204 F.3d 397, 400 (2d Cir. 2000); *see also Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 572 (6th Cir. 2002). Motions to alter or amend a judgment under Rule 59(e) may be granted to address a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833–34 (6th Cir. 1999); s*ee also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). "Rule 59 . . . allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *See Hough*, 339 F. App'x 520,525 (6th Cir. 2009) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

To issue a temporary restraining order or preliminary injunction, courts balance four factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ohio Republican Party v. Brunner*, 543 F. 3d. 357, 361 (6th Cir. 2008); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). These factors

are to be weighed against one another and should not be considered prerequisites to the grant of a preliminary injunction. *Capobianco v. Summers*, 377 F.3d 559, 561 (6th Cir. 2004). However, "the demonstration of some irreparable injury is a sine qua non for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). Moreover, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). An injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573.

### III. Analysis

In his motion to reconsider, Rucker asks the Court to revisit its ruling denying his motions for a preliminary injunction and seeks the issuance of "an order to have the defendants McClain and her agents to provide him with the proper medications (Inhalers) and breathing treatment 3x's day as recommended/order[ed] by the Pulmonary Physician Specialist." (Doc. No. 71, PageID# 654.) In his third motion for emergency injunctive relief, Rucker seeks issuance of an order directing that he be transferred from SSCF to a facility "that is more medically adaptable and suitable to his serious medical needs." (Doc. No. 123, PageID# 1314.) In the same week that Rucker filed his third motion for injunctive relief, he filed a notice of change of address (Doc. No. 125) stating that he was transferred from SCCF to the Northwest Correctional Complex.

The Court therefore need not—and, in fact, cannot—review the merits of Rucker's arguments because both of his motions are now moot. A transfer to another prison moots a prisoner's claim for injunctive relief addressing prison conditions if the alleged risk of harm does not travel with the prisoner to his new institution. *Compare Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010) (finding injunctive relief claim not mooted by transfer when challenged kosher

meal policy also applied to plaintiff at new prison), *with Proctor v. Applegate*, 661 F. Supp. 2d 743, 763 (E.D. Mich. 2009) (finding injunctive relief claim moot where none of the alleged acts that took place and none of the defendants were employed at a facility where any plaintiff was then housed). "Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *Proctor*, 661 F. Supp. 2d at 762; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding claims for declaratory and injunctive relief regarding legal mail moot because prisoner was no longer at the institution that searched his mail).

Here, Rucker's claims for injunctive relief are either specific to SCCF as a correctional facility (including SCCF's alleged provision of inadequate medical care) or specific to the named defendants who work at SCCF (including claims of denial of adequate medical treatment, retaliation, and discrimination). (Doc. Nos. 71, PageID# 654-55, 123, PageID# 1313-14.) Because Rucker is no longer in danger of suffering injuries he alleges at the hands of these defendants, the Court can no longer provide the injunctive relief he requests. Accordingly, the undersigned recommends that Rucker's motion to reconsider motion for temporary restraining order and/or preliminary injunction (Doc. No. 71) and his third motion for emergency injunctive relief and an immediate hearing (Doc. No. 123) be denied as moot.

### IV. Conclusion

For these reasons, the Magistrate Judge RECOMMENDS that Rucker's motion to reconsider motion for temporary restraining order and/or preliminary injunction (Doc. No. 71) and third motion for emergency injunctive relief and requesting immediate hearing (Doc. No. 123) be DENIED AS MOOT.

5

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it. A party opposing any objections filed shall have fourteen days after being served with the objections in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge