094-202-00

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | | |
|---|---|---|---|
| **MORRIS RUCKER** | ) | | |
| | ) | | |
| v. | ) | No.: | **1:16-cv-00090** |
| | ) | | **Judge Crenshaw** |
| **CHERRY LINDAMOOD, et. al** | ) | | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUBPOENAS (D.E 187)**

Defendants Damon Hininger, Yvonne Neau, Heather Banks, Tonya Warner, and Amy Franks, (hereinafter "Defendants") respond in opposition to Plaintiff's Motion for Subpoenas.

As this Court recently stated, "[T]his matter has a long procedural history." (D.E. 186). After Plaintiff attempted to amend or supplement the Complaint on at least nine occasions, the Court ordered Plaintiff to file a proposed comprehensive supplemental complaint by June 4, 2018. (D.E. 150). After Plaintiff filed a motion for extension, the Court ordered him to file a proposed amended complaint by June 17, 2018. While Plaintiff missed the Court ordered deadline, he eventually filed a motion to amend and proposed amended complaint on June 25, 2018. (D.E. 156). On July 3, 2018, the Court allowed the amended complaint. (D.E. 159). On July 19, 2018, Defendant Franks filed a motion to dismiss. (D.E. 166). On August 20, 2018, after being served, Defendants Hininger, Neau, Banks, and Warner filed a motion to dismiss. (D.E. 172).

Plaintiff has not filed a response to Defendant Franks' motion to dismiss, nor has he filed a response to Defendants Hininger, Neau, Banks, and Warner's motion to dismiss. On September 24, 2018, Plaintiff filed a motion for extension of time to file a response to Defendants' pending motions to dismiss. In his motion, Plaintiff claimed that he needed "additional time to complete

1

review of the allegations and findings and filings and prepare a pleading to Defendants motions," because he is currently incarcerated in a "prison hospital." (D.E. 184). The Court granted Plaintiff's motion in part and allowed Plaintiff an extension until November 2, 2018, to file a response to Defendant Hininger, Neau, Banks, and Warner's motion to dismiss.[1]

Unexplainably, while Plaintiff allegedly has not had enough time to file a response to the pending motions to dismiss, he found time to file his current motion for subpoenas. (D.E. 186). In his motion, Plaintiff seeks the court to issue subpoenas to Defendant Hininger, TDOC Commissioner Tony Parker, and Warden Cherry Lindamood to provide the Court the last known mailing address and/or employment address for the unserved defendants Dr. J. Soldo and Nurse Rachel Westry. Respectfully, Defendants oppose Plaintiff's motion.

Pursuant to the Prison Litigation Reform Act, the trial court is directed to dismiss an inmate's case at any time it determines that the action fails to state a claim upon which relief can be granted. 28 USC § 1915(e)(2)(B). As Defendants Hininger, Neau, Banks, and Warner addressed in their motion to dismiss, Plaintiff has failed to state a claim upon which relief can be granted against the unserved Defendants. (D.E. 173, PageID# 1671-73). Thus, any action to obtain the last known addresses to obtain service on the unserved defendants would amount to nothing more than an act in futility and would merely delay this case even further. Because Plaintiff has failed to set forth a viable claim against the unserved Defendants, pursuant to the PLRA, the Court need not delay its dismissal of those Defendants by awaiting service on them.

Due to the lengthy procedural history in this case, Defendants move the Court to at minimum withhold ruling on Plaintiff's motion for subpoenas until it makes a final ruling on the pending motions to dismiss. In the event the Court finds that any claims against the unserved

---

[1] The Court denied Plaintiff an extension of time to respond to Defendant Franks' motion to dismiss. (D.E. 186, PageID #1718).

defendants should survive, Defendants would then have no objection to providing the court the last known contact information for the unserved defendants *under seal*.[2]

                                          Respectfully submitted,

                                          PENTECOST, GLENN,
                                          MAULDIN & YORK PLLC

                         By:    s/Nathan D. Tilly
                                Nathan D. Tilly (#031318)
                                Attorney for Defendants
                                106 Stonebridge Blvd
                                Jackson, TN 38305
                                (731) 668-5995 – Telephone
                                (731) 668-7163 – Facsimile
                                ntilly@pgandr.com

---

[2] The last known personal addresses of CoreCivic officers and employees is protected as confidential under the Tennessee Public Records Act and Defendants cannot divulge said address to Plaintiff or any other member of the public. *See* Tenn. Code Ann. § 10-7-504. Accordingly, if the Court deems any of Plaintiff's claims against the unserved defendants as viable, the Defendants would have no objection to providing the information to the court *under seal*.

3

**CERTIFICATE OF SERVICE**

This is to certify that I served a copy of this pleading (Response to Plaintiff's Motion for Subpoena) by U.S. mail upon:

Morris Rucker #104116
Northwest Correctional Complex, Site #1
960 State Road, Route 212
Tiptonville, TN 38079

Morris Rucker #104116
Deberry Special Needs Facility
7575 Cockrill Bend Boulevard
Nashville, TN 37209

DATE: This the 17th day of October, 2018.

                              PENTECOST, GLENN,
                              MAULDIN & YORK PLLC


                    By:    s/Nathan D. Tilly
                              Nathan D. Tilly

4

Case 1:16-cv-00090   Document 188   Filed 10/17/18   Page 4 of 4 PageID #: 1734