IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MORRIS RUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:16-cv-00090 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| CHERRY LINDAMOOD., *et al.*, | ) | |
| | ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

## ORDER

Plaintiff Morris Rucker filed an amended complaint against eight defendants under 28 U.S.C. § 1983, alleging violations of the Eighth Amendment, the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and the Americans with Disabilities Act, arising out of his confinement at the South Central Correctional Facility ("SCCF"), a Tennessee detention facility operated by CoreCivic, Inc. Defendants filed four separate motions to dismiss for failure to state a claim (Doc. Nos. 162, 165, 172, and 181).

The Magistrate Judge reviewed the motions to dismiss, undertook an independent review of the claims pursuant to 28 U.S.C. § 1915A, and issued a Report and Recommendation (Doc. No. 196). The Magistrate Judge recommended that Corizon Health Inc.'s motion to dismiss (Doc. No. 162) be found MOOT; Defendant Amy Frank's motion to dismiss (Doc. No. 162) be denied; Defendants Damon Hininger, Yvonne Neau, Heather Banks, and Tonya Warner's motion to dismiss (Doc. No. 172) be DENIED with respect to Hininger and Neau, and GRANTED with respect to Banks and Warner and that the claims against Banks and Warner be DISMISSED; that Defendant Tennessee Department of Correction's (TDOC) motion to dismiss (Doc. No. 181) be GRANTED and that the claim against TDOC be DISMISSED; that Plaintiff's claim against Dr. J.

1

Soldo be DISMISSED for failure to state a claim; and that Plaintiff's racial discrimination claim against Defendant Rachel Westry be allowed to proceed.

Defendants Hininger, Neau, and Franks filed objections to the Report and Recommendation, which include objections to the ruling on the claims against them and an objection to the recommendation to allow the racial discrimination claim against Westry to proceed (Doc. No. 197). Plaintiff did not file objections to the Report and Recommendation or a response to Defendants' objections. After a *de novo* review, and for the following reasons, Defendants' objections are OVERRULED and the Report and Recommendation is ADOPTED.

## **STANDARD OF REVIEW**

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when

the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

**1. Nurse Franks and Doctor Neau**

Nurse Franks and Doctor Neau object to the recommendation that their motion to dismiss be denied and argue that Plaintiff has not sufficiently alleged the elements of a claim for deliberate indifference in violation of the Eighth Amendment.

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). A deliberate indifference claim against an individual actor has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamaoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). The subjective component requires a plaintiff to show that the prison official acted with "deliberate indifference" to a serious

3

medical need. *Id*. An official is deliberately indifferent where the official is "aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference requires "a state more blameworthy than negligence." *Id*. (quoting *Farmer*, 511 U.S. at 835). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).

Defendant Franks does not object to the Magistrate Judge's statement of the law or that Plaintiff has alleged a sufficiently serious medical need. She argues only that Plaintiff has not pleaded facts sufficient to allege the subjective elements of his claim because the amended complaint does not allege "that these orders contradicted a doctor's prescribed treatment" or allege "that Defendant Franks was aware of, but disregarded a prior doctor order." (Doc. No. 197 at 4.) Defendant Franks argues that her order to limit Plaintiff's breathing treatments "amounts to a disagreement … concerning when Plaintiff needed a breathing treatment" and that disagreement with a medical decision is not enough to show deliberate indifference. *Id*.

Defendant Franks' objection is without merit. Plaintiff has sufficiently pleaded facts to show deliberate indifference to Plaintiff's serious medical needs. The Amended Complaint, which the Court construes liberally, clearly states that Plaintiff was diagnosed with COPD (Doc. No. 160 at ¶ 10) and that he was prescribed a treatment of "inhalers, and breathing treatment, (3) three times per day as needed." (*Id*. at ¶ 11.) Plaintiff alleges that Defendant Frank "ordered other nurses not to give Plaintiff breathing treatment unless Plaintiff['s] oxygen level fell below 90." (*Id*. at ¶ 20.) These facts are sufficient to reasonably infer that Defendant Franks' order contradicted a doctor's prescribed treatment and that Defendant Franks was aware of the doctor's order.

Doctor Neau also argues that Plaintiff has not pleaded facts sufficient to establish the subjective element of his claim. Specifically, Dr. Neau argues that the First Amended Complaint did not allege: (1) that Dr. Neau knew about Defendant's medical condition; (2) that Plaintiff suffered serious injury as a result of Dr. Neau's actions; (3) that Dr. Neau refused Plaintiff all medical care; or (4) that Dr. Neau acted with "obduracy or wantonness." (Doc. No. 197 at 8-9.) Dr. Neau's objections are also without merit. Plaintiff pleaded sufficient facts in support of the subjective element of his claim when he stated that he had a doctor's order for treatment for his COPD and that Dr. Neau discontinued the prescribed treatment. We agree with the Magistrate Judge that allegations that Dr. Neau "acted contrary to a doctor's prescribed medical treatment are sufficient to state a claim for deliberate indifference to Plaintiff's serious medical needs." (*See* Doc. No. 196 at 9.)

**2. Hininger**

Plaintiff advances a deliberate indifference clams against Hiniger in his official capacity as CEO of CoreCivic, Inc., the private contractor that operates SCCF. (Doc. No. 60 at ¶ 4.) Defendant Hininger objects to the report and recommendation on the following grounds: (1) Plaintiff did not allege facts indicating that Hininger took some action in his official capacity that places Monell liability on the corporation; (2) a policy requiring corporate approval for medical refills is not facially unconstitutional and therefore fails to state a claim that the policy as written violated Plaintiff's constitutional rights; and (3) Plaintiff has not alleged facts establishing a corporate custom caused the deprivation.

A corporation performing traditional state functions may be held liable under 42 U.S.C. § 1983 if "a plaintiff shows that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation of his rights." *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55

(6th Cir. 2010). Hininger acknowledges that corporations that perform traditional state functions, such as operating a prison, may be held liable under Section 1983 if a "plaintiff shows that a policy … of the company was the 'moving force' behind the alleged deprivation of his rights." *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55 (6th Cir. 2010). "[L]iability may attach for policies promulgated by the official vested with final policymaking authority." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986).

Defendant Hininger argues that Plaintiff has not pleaded an action that Hininger took in his official capacity and that Plaintiff has not alleged a corporate policy that caused the violation of his constitutional rights. The Magistrate Judge rejected this argument and this Court also finds it without merit. Plaintiff alleged a CoreCivic policy requiring corporate office approval of all prescription refills, and that the approval process could take three weeks. (Doc. No. 160 at ¶¶ 14.) Defendant has alleged that his medical condition became worse as a result of not having his inhalers for more than three weeks. (*Id*. at ¶ 17.) It is reasonable to infer that Hininger, as CEO (alleged in the Amended Complaint, Doc. No. 160 at ¶ 4), was responsible for promulgating the alleged policy. The Court agrees with the Magistrate Judge's determination that the allegations are sufficient to state a claim of deliberate indifference against CoreCivic.

   3. **Westry**

Although Nurse Westry has not yet been served, the Magistrate Judge reviewed the claims against Westry pursuant to 28 U.S.C. § 1915A, which requires the Court to review the complaint and identify cognizable claims. Without objection, Magistrate Judge construed Plaintiff's "Title 6 Complaint" as an equal protection claims alleging race discrimination and recommended that the claim for racial discrimination be allowed to proceed. Defendants objected to the Report and

Recommendation on the grounds that Plaintiff had not demonstrated that "he was treated differently than another inmate similarly situated to him but not of the same class." (Doc. No. 197 at 9.)

To state an equal protection claim for race discrimination, Plaintiff must "allege sufficient facts to show 'that a state actor intentionally discriminated against [him] because of membership in a protected class.'" *Brand v. Motley*, 526 F.3d 921, 934 (6th Cir. 2008) (quoting *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 457-58 (6th Cir. 2011). A prime facie case of discrimination requires a plaintiff to show that he was treated differently than those "similarly situated." *Id.* at 460. However, if a plaintiff sufficiently alleges direct evidence of discrimination, no such showing is required. *Id.* at 459-60.

Direct evidence of discrimination is composed of "only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor." *Id.* at 458. "Use of a racially discriminatory language can provide evidence of discriminatory purpose when that language is coupled with some additional harassment or constitutional violation." *King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003).

Plaintiff has alleged facts constituting direct evidence of discrimination. Plaintiff alleges that he saw Westry for an appointment on December 7, 2016, and explained that he was there on a follow-up visit because he was having complication from his COPD and asthma and that he needed his medications renewed. (Doc. No. 196 at ¶ 23.) Plaintiff alleges that Westry told him, "[W]e don't have follow-ups," and when Plaintiff asked to speak to a supervisor, Westry referred

7

to him using a racial epithet and left the room. (*Id*. at ¶ 24.) The facts constitute direct evidence of discrimination and Plaintiff is, therefore, not required to show that he was treated differently than those "similarly situated." Accordingly, the objections to the Magistrate Judge's recommendation that the claim for racial discrimination be allowed to proceed are without merit.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Court concludes that the Defendants' objections are without merit, and the Report and Recommendation should be ADOPTED.

Corizon's motion to dismiss (Doc. No. 162) is MOOT. Frank's motion to dismiss (Doc. No. 165) is DENIED. Hininger, Neau, Banks, and Warner's motion to dismiss (Doc. No. 172) is DENIED IN PART with respect to Hininger and Neau; and GRANTED IN PART with respect to Banks and Warner. The claims against Banks and Warner are DISMISSED. TDOC's motion to dismiss (Doc. No. 181) is GRANTED and the claims against TDOC are DIMISSED. Having reviewed the claims against Soldo and Westry pursuant to 28 U.S.C. § 1915A, the claim against Soldo is DISMISSED for failure to state a claim and the claim against Westry will be allowed to proceed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE