UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MORRIS RUCKER,

    Plaintiff,

v.

CHERRY LINDAMOOD et al.,

    Defendants.

Case No. 1:16-cv-00090

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

### MEMORANDUM ORDER

Now pending in this civil rights action brought under 42 U.S.C. § 1983 are: (1) Defendants Amy Franks, Damon Hininger, and Yvonne Neau's motion for leave to file their motion for summary judgment under seal (Doc. No. 242); (2) pro se Plaintiff Morris Rucker's motion for an extension of time to file his response in opposition to the defendants' summary judgment motion and for appointment of counsel (Doc. No. 244); (3) Rucker's motion for a court order requiring the defendants to send him legible copies of certain medical records filed in support of their summary judgment motion (Doc. No. 245); and (4) Rucker's motion for an order requiring the defendants to send him a complete copy of their memorandum of law filed in support of their summary judgment motion (Doc. No. 246). Rucker, who is incarcerated and appears *in forma pauperis*, has not opposed the defendants' motion to seal their motion for summary judgment. The defendants oppose Rucker's request for appointment of counsel but do not oppose his request for an extension of time to respond and state that they have already sent Rucker legible copies of the medical records and a full copy of their summary judgment brief. (Doc. No. 247.) For the reasons that follow, the defendants' motion to seal will be denied, Rucker's motion for an extension and

appointment of counsel will be granted in part and denied in part, and Rucker's motions for court-ordered copies of the defendants' filings will be found moot.

**I.      Relevant Background**

This action arises out of Rucker's confinement at the South Central Correctional Facility (SCCF), a state detention facility in Clifton, Tennessee, operated by Core Civic, Inc. (Doc. No. 160.) Rucker initiated this action on October 24, 2016 (Doc. No. 1), and filed an amended complaint with the Court's leave on July 3, 2018 (Doc. No. 60). Rucker suffers from Chronic Obstructive Pulmonary Disease (COPD) and asthma, and his claims are based on the medical care he received at SCCF for those conditions. (*Id.*) On April 8, 2019, the Court denied motions to dismiss filed by Franks, Neau, and Hininger, finding that Rucker's amended complaint states plausible deliberate indifference claims under the Eighth Amendment against Franks and Neau in their individual capacities and against Hininger in his official capacity as CEO of Core Civic. (Doc. Nos. 196, 199.) The Court also found that the amended complaint states a plausible racial discrimination claim under Title VI of the Civil Rights Act of 1964 against Defendant Rachel Westray.[1] (Doc. Nos. 196, 199.) After dismissing all other claims and defendants in the amended complaint, the Court entered a scheduling order (Doc. No. 211) and the parties engaged in discovery.

On August 3, 2020, which was the deadline for filing dispositive motions in this action (Doc. No. 241), Franks, Hininger, and Neau filed a motion for leave to file their motion for summary judgment under seal, stating that the summary judgment motion "contains medical information concerning [Rucker's] medical treatment and that it is necessary for said medical

---

[1]     Despite diligent attempts, service of process has not been accomplished on Westray and she has not appeared in this action. (Doc. No. 225.)

information to be filed under seal pursuant to privacy laws." (Doc. No. 242, PageID# 2053.) On the same day, the defendants filed their motion for summary judgment, supporting memorandum of law, statement of undisputed facts, and supporting exhibits under seal. (Doc. Nos. 243, 243-1–243-7.) Rucker has not opposed the defendants' motion to seal. He has, however, filed three motions related to the defendants' summary judgment motion. First, Rucker requests an additional forty-five days to respond to the defendants' motion for summary judgment and renews his prior requests for appointment of counsel. (Doc. No. 244.) Second, he asks the Court to order the defendants to send him legible copies of certain medical records they filed in support of their summary judgment motion. (Doc. No. 245.) Third, he asks the Court to order the defendants to send him a complete copy of their memorandum of law supporting the motion. (Doc. No. 246.) The defendants oppose Rucker's request for appointment of counsel; they do not oppose his request for an extension and state that they have sent him new copies of the medical records at issue and a full copy of their summary judgment brief. (Doc. No. 247.)

**II.      Analysis**

    **A.      Defendants' Motion to Seal**

The Court may not grant the defendants' motion to seal simply because it is unopposed. It is well established that "[t]he public has a strong interest in obtaining the information contained in the court record[,]" and there is a "'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (first alteration in original) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). Among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville*

3

*News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

The Court finds that the defendants' cursory reference to privacy laws is not enough to justify sealing the presumptively public court records at issue here. *See Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) (finding that "a mere reference to HIPPA does not mean that the Court should automatically grant [defendant's] motion to seal"). First, the defendants have not provided the detailed, document-by-document analysis complete with legal citations required by Sixth Circuit precedent and this Court's Local Rules. *See Shane Grp.*, 825 F.3d at 305–06; M.D. Tenn. R. 5.03(a). Second, Rucker placed his medical condition at issue by filing this action against the defendants for deliberate indifference to his serious medical needs. (Doc. Nos. 1, 160.) Courts in this circuit recognize that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson*, 2018 WL 632063, at *1; *see also Kitchen v. Corizon Health, Inc.*, No. 1:16-cv-190, 2017 WL 5197115, at *2 n.3 (W.D. Mich. Nov. 10, 2017) ("Prisoners claiming deliberate indifference to serious medical needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever

4

privileges or statutory protection the medical records may have previously enjoyed under HIPAA."); *Mathews v. Guardian Life Ins. Co. of Am.*, No. 1:98-CV-00106, 2014 WL 1681693, at *1 (N.D. Ohio Apr. 28, 2014) (denying motion to seal and finding that plaintiff "waived any right to confidentiality of her medical records when she made her medical condition and diagnoses at issue"). The defendants' motion to seal will therefore be denied and the Clerk of Court will be directed to unseal the defendants' summary judgment filings on the docket.

### B. Rucker's Motion for an Extension and Appointment of Counsel

On September 17, 2020, the Court received Rucker's motion requesting an additional forty-five days to respond to the defendants' summary judgment motion and renewing his request for appointment of counsel. (Doc. No. 244.) Rucker explains that that facility where he is incarcerated is on lockdown because of the COVID-19 pandemic. (*Id.*) In separate filings, Rucker states that he received only the first two pages of the defendants' memorandum of law in support of their summary judgment motion and received illegible copies of certain medical records defendants filed to support their motion. (Doc. Nos. 245, 246.) The defendants oppose Rucker's request for appointment of counsel but do not oppose his request for an extension of time to repsond. (Doc. No. 247.) They also state that they have sent Rucker a full copy of their summary judgment brief and legible copies of the medical records he could not decipher. (*Id.*; Doc. Nos. 247-1, 248.)

#### 1. Request for Extension

The defendants re-served a full copy of their memorandum in support of their summary judgment motion on Rucker via mail on September 18, 2020. (Doc. Nos. 247, 247-1.) Under the scheduling order (Doc. No. 211) and Federal Rule of Civil Procedure 6(d), Rucker's response in opposition would ordinarily be due by October 19, 2020. For good cause shown, Rucker's deadline to respond in opposition to the defendants' summary judgment motion will be extended to December 3, 2020.

5

### 2. Request for Appointment of Counsel

This Court has twice denied Rucker's requests to appoint counsel to represent him in this action. (Doc. Nos. 63, 107.) As the Court has explained, there is no constitutional right to counsel in civil cases, and indigent plaintiffs must point to exceptional circumstances to justify discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). Factors considered in determining whether exceptional circumstances exist include "the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018).

The Court finds that Rucker still has not demonstrated exceptional circumstances here. While the COVID-19 pandemic imposes significant burdens on all litigants—especially those who are incarcerated—those burdens are common to many pro se litigants, most of whom will not be appointed counsel. However, in recognition of these difficulties, the Court will provide Rucker with the additional time he requests to respond to the defendants' pending motion for summary judgment.

### C. Rucker's Remaining Motions

Rucker's remaining motions seek court orders requiring the defendants to recopy and resend certain medical records filed in support of their summary judgment motion and to resend a complete copy of their memorandum of law supporting their motion. (Doc. Nos. 245, 246.) The defendants state that they have fulfilled both of these requests without a court order. (Doc. No. 247.) The defendants have also refiled copies of the medical records at issue. (Doc. No. 248.) Rucker's motions for court orders will therefore be found moot.

6
Case 1:16-cv-00090    Document 249    Filed 10/06/20    Page 6 of 7 PageID #: 2655

**III.     Conclusion**

For these reasons, the defendants' motion for leave to file their motion for summary judgment under seal (Doc. No. 242) is DENIED. The Clerk of Court is DIRECTED to unseal the defendants' motion for summary judgment and attachments (Doc. Nos. 243, 243-1–243-7, 248).

Rucker's motion for an extension and appointment of counsel (Doc. No. 244) is GRANTED IN PART AND DENIED IN PART. Rucker's request for an extension of time to respond in opposition to the defendants' summary judgment motion is GRANTED. Rucker is ORDERED to file any response in opposition to the pending summary judgment motion by December 3, 2020. Rucker is reminded that his response must comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01. Rucker's request for appointment of counsel is DENIED WITHOUT PREJUDICE.

Rucker's motions for court orders (Doc. Nos. 245, 246) are FOUND MOOT.

Finally, the scheduling order in this action is AMENDED to set a target trial date of June 15, 2021.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge